**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IVAN KOVALEV and MINTIWAB HILL**, on Behalf of Themselves and All Others Similarly-Situated, | PROPOSED COLLECTIVE ACTION UNDER FLSA AND CLASS ACTION UNDER NEW YORK LABOR LAW |
| Plaintiffs, | No. |
| vs. | COLLECTIVE AND CLASS ACTION |
| **A.G. CONSULTING ENGINEERING, P.C.** Defendant. | JURY TRIAL DEMANDED |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Ivan Kovalev and Mintiwab Hill, individually, and on behalf of all persons similarly situated, file this Collective and Class Action Complaint ("Complaint"), against Defendant, A.G. Consulting Engineering, P.C. (hereinafter "AGC" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), § 160 *et seq.*, § 190 *et seq.* § 650 *et seq.*

Plaintiffs assert this FLSA claim as a nationwide collective action under FLSA, 29 U.S.C. § 216(b), and assert their state law claims as a class action under Fed. R. Civ. P. 23. Plaintiff Kovalev asserts a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3) and the NYLL § 215(1). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.      Plaintiffs bring this collective and class action on behalf of themselves and other similarly situated individuals to challenge Defendant's unlawful policies and practices of failing

to pay Plaintiffs and Collective and Class members for all hours worked and overtime for hours worked over 40 in a week in violation of the FLSA and the NYLL.

2.      Defendant, AGC represents itself as professional engineering firm which provides an integrated array of Mechanical/HVAC, Electrical, Plumbing ("MEP") services, Fire Protection, Fire Engineering, LEED Consulting, Construction Management and Special Inspection Services for federal, state, and city agencies and for the private sector.

3.      AGC maintains multiple office in the United States including in California, Maryland, New Jersey, New York and Pennsylvania, and employs a staff of over 60 full time engineers, technical personnel and support staff.

4.      AGC employed Plaintiffs from its New York City location as part of its construction management services ensuring that building contractors comply with the various NYC building codes and other construction and maintenance standards.

5.      On information and belief, Defendant has systematically and willfully failed to comply with the requirements of FLSA and NYLL in multiple ways.

6.      AGC willfully misclassified Plaintiffs as exempt from the FLSA and NYLL.

7.      AGC required Plaintiffs to regularly work hours in excess of 40 hours per week but continued to pay Plaintiffs at their regular pay rate, and not time and a half, for those additional hours.

8.      AGC required Plaintiffs to perform work-related duties either pre- and post-shift or both, over 40 hours, without paying them for the time they spent performing such work.

9.      As a result, Plaintiffs Kovalev and Hill, along with similarly situated employees were denied minimum wages and/or overtime wages in violation of the FLSA and the NYLL.

10.     Thus, Plaintiffs are similarly situated in all material respects to Defendant's other current and former employees who were misclassified as exempt from the FLSA and NYLL and forced to work overtime hours without being paid at time and a half their regular rate

11.     Defendant's illegal pay practices were systematically applied to employees at its New York City location, in violation of the FLSA and the NYLL. Defendants should pay the wages illegally withheld from its employees plus statutory liquidated damages.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

13.     This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact as Plaintiffs' claims under the FLSA.

14.     This Court has personal jurisdiction over Defendant AGC since it is registered to conduct business in the State of New York, regularly conducts business in New York, and has sufficient contacts in New York.

15.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

16.     Plaintiff Ivan Kovalev is an adult individual currently residing in Long Island City, New York.  Plaintiff Kovalev was employed as a field inspector performing electrical surveys for upgrades to advertising and communications concessions in subway stations managed by the New York City Transit Authority.  He worked for AGC from February 2019 to February 2022.  Plaintiff Kovalev's written consent to participate in this action is attached to this Complaint as Exhibit "A."

17.     Plaintiff Mintiwab Hill is an adult individual currently residing in Camarillo, California.  She worked for AGC from June 2018 to August 2021.  She was initially employed as a MEP Superintendent operating from AGC's New York City office.  Plaintiff Hill was assigned to inspect projects managed by the NY Department of Corrections Office of General Services ("OGS") throughout her employment.  Plaintiff Hill's written consent to participate in this action is attached to this Complaint as Exhibit "B."

18.     A. G. Consulting Engineering, P.C. is a New York registered Professional Service corporation with a principal place of business within this state at 131 West 33rd Street, Suite 12B, New York, NY.

19.     The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with Defendant's authorization.

20.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

21.     Defendant employed Plaintiffs and continues to employ similarly situated employees, as defined by the FLSA.  *See* 29 U.S.C. § 203(d); 29 C.F.R. § 791.2(a).

22.     At all times relevant to this lawsuit, Defendant is an "Employer" as defined by the FLSA and the NYLL.

23.     At all times relevant to this lawsuit, Plaintiffs were Defendant's employees and were covered by the FLSA and NYLL.

24.     Defendant has been engaged in commerce or in the production of goods for commerce as defined by the FLSA, and Defendant's employees are engaged in interstate

commerce and handle or work on goods that have been moved in and/or produced in commerce, as described by 29 U.S.C. §§ 206-207.

25.     Defendant's annual gross sales exceed $500,000.

26.     The proposed Collective Action Members pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, are all current and former non-exempt employees who worked at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action, and who were denied regular or overtime wages in connection with Defendant's policy and practice of failing to properly pay Plaintiffs for overtime hours, and for failing to pay for pre- and post-shift work.

27.     The proposed Class Action Members pursuant to the NYLL are all current and former employees who worked any time within the six (6) years prior to the date of filing of this Complaint through the date of the final disposition of this action, and who were denied regular or overtime wages in connection with Defendant's policy or practice of failing to properly pay Plaintiffs for overtime hours, and for failing to pay for pre- and post-shift work.

28.     Plaintiffs Kovalev and Hill seek to represent both the Collective Action Members and the Class Action Members for damages due to unpaid regular and overtime wages pursuant to the FLSA and the NYLL.

## COLLECTIVE AND CLASS DEFINITIONS

29.     Plaintiffs bring Count I of this lawsuit as a nationwide collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the following proposed collective:

> All current and former field employees of Defendant who were misclassified as exempt from the FLSA between the three years prior to the filing of this Complaint to the date of judgement in this action (the "FLSA Collective").

30.     Plaintiffs bring Count III of this lawsuit as a class action pursuant to Fed. R. Civ.

P. 23, on behalf of themselves and the following class:

> All current and former field employees of Defendant who were misclassified as exempt from the NYLL between the six years prior to the filing of this Complaint to the date of judgement in this action (the "Rule 23 Class").

## FACTUAL ALLEGATIONS

31.     Plaintiffs and the proposed nationwide FLSA collective and New York class action members are hourly-paid non-exempt employees who routinely work in excess of 40 hours per week.

32.     Plaintiffs worked for AGC on a full-time basis from the date of their respective hiring to the date that their respective employment terminated.

33.     Since Plaintiffs are paid on an hourly basis they do not fall within the definition of a salaried employee, as required for the salary test in determining whether an employee meets requirements of the administrative or professional exemption to overtime requirements of the FLSA.  *See* 29 U.S.C.A. § 207(a)(1); 29 C.F.R. § 541.300.  Employees' hours were recorded on a daily basis and compensation was directly tied to the number of hours Plaintiffs worked.  There was never a salary paid as defined in 29 C.F.R § 541.118.  Therefore, Defendant's employees are not exempt as administrative or professional employees under 29 C.F.R § 541.2 and 541.3.

34.     Plaintiffs' job duties did not meet the requirements of the administrative exemption to coverage under the FLSA.  Plaintiffs were not "employees employed in a bona fide administrative capacity."  *See* 29 C.F.R. § 541.200(a).  Plaintiffs did not perform office or non-manual work directly related to the management or general business operations of the Defendant and did not exercise of discretion and independent judgment with respect to matters of significance.  *See* 29 C.F.R. § 541.200(a)(2), (3).

35.     Plaintiffs' job duties did not meet the requirements of the professional exemption to coverage under the FLSA.  Plaintiffs' job duties did not require advanced knowledge in a field of science or learning acquired through a course of specialized intellectual instruction.  *See* 29 C.F.R. § 541.301(a).  Plaintiffs' duties were not predominantly intellectual in character, and did not include work requiring the consistent exercise of discretion and judgment.  *Id*. at § 541.301(b)

36.     Upon information and belief, Defendant has knowledge of all the overtime and pre- and post-shift work performed as alleged herein.

37.     As a result, hourly-paid non-exempt employees, including Plaintiffs and the proposed Collective and/or Class Action Members, did not receive the appropriate regular wage and/or overtime wage compensation for all hours worked when they completed their overtime and pre- and post-shift work.

38.     This failure to pay Plaintiffs and other similarly situated non-exempt employees for overtime, pre- and post-shift time was willful, intentional, and the result of design rather than mistake or inadvertence.  Defendant was aware that the FLSA and the NYLL applied to their non-exempt employees.

39.     Defendant has acted willfully and with reckless disregard of clearly applicable FLSA and NYLL provisions by failing to compensate Plaintiffs and other similarly situated non-exempt employees for all hours worked in excess of 40 during the workweek.

**Plaintiff Ivan Kovalev:**

40.     Plaintiff Kovalev was initially hired by Defendant on February 12, 2019 as an electrical inspector.

41.     Plaintiff was assigned to work with a company called AECOM on its contract with the New York Metropolitan Transportation Authority ("MTA") to complete the "Outfront Media

Project" ("Project").  The Project entailed the installation of conduits and wiring from electrical distribution rooms to power video display screens which were being mounted in 460 subway and regional rail stations.

42.       Upon hiring Plaintiff, Defendant misclassified him as exempt from the FLSA. Defendant represented that Plaintiff was hired as a salaried employee, but he was actually paid on an hourly basis.

43.       Plaintiff was first hired for initial survey phase of the Project.  He was assigned to survey New York City subway stations for the locations of power sources which could be linked to the display screens.  This entailed reviewing plans of stations, identifying power sources, taking pictures, and recording the information in daily reports.  The position had no discretion or decision-making authority and did not involve supervision of any other employees.  Plaintiff was laid off on May 31, 2019, when the survey portion of the Project was completed.

44.       Plaintiff was then rehired on July 29, 2019 to work as an electrical inspector for the installation portion of the Project.  He was again assigned to AECOM to inspect the installation of the electrical conduits after they were installed by contractor work crews in subway stations.

45.       Upon rehiring Plaintiff, Defendant again misclassified him as exempt from the FLSA.  Again, Plaintiff was paid on an hourly basis.

46.       Plaintiff's training consisted of shadowing another inspector for three days.  He was given a 42-page "Outfront Media Contractor Installation Guidelines Document" which showed the specifications to which the conduits were to be installed.

47.       Plaintiff was given an iPad with a "PlanGrid" application to use while performing inspections.

48.     Plaintiff's job consisted of visually inspecting the conduit installations and comparing them to engineers' diagrams as they appeared in the PlanGrid app.  Plaintiff would take pictures of the installed conduits and note down any relevant information.  If the installation deviated from the specifications, he was instructed to notify his AECOM supervisor via email.  At the end of the shift, he filled out a daily inspector's report documenting the work he reviewed and any deviations he observed.

49.     Plaintiff did not have the authority to order a contractor to make changes, corrections, or repairs to the work, except for very minor alterations.  He had no authority or control over the contractors or their work crews, and had no authority to discipline, hire or fire anyone.  Plaintiff's only discretion was to report potential contractor safety violations up the AECOM chain of command.

50.     Plaintiff did not supervise or control the terms and conditions of employment of any of Defendant's or AECOM's employees.

51.     Shortly after being rehired, Plaintiff inquired with Defendant's human resources representative via email as to why he was not eligible to receive overtime pay.  The representative responded verbally that he was an exempt employee.

52.     Plaintiff followed up with two additional emails in which he cited the FLSA and its regulations regarding exemptions, and argued that he did not fall within any of the exemptions and should be eligible to receive overtime pay.

53.     These emails prompted a meeting with AGC's president, Ariganjan Guleria and other members of Defendant's management team.  Mr. Guleria told Plaintiff that unless he signed a letter agreeing that he was an exempt employee and not entitled to overtime pay, he would be immediately fired.  Under duress, Plaintiff signed the letter and remained employed by Defendant.

54.      Plaintiff was never paid for his overtime hours at one and a half times his regular rate.

55.      Plaintiff separated from employment with Defendant in February 2022.

**Plaintiff Mintiwab Hill:**

56.      Plaintiff Mintiwab Hill was hired by Defendant on June 23, 2018 as a MEP superintendent.

57.      Plaintiff Hill was assigned to work on a contract with the New York Department of Corrections Office of General Services ("OGS").  The project entailed performing various building maintenance and repair jobs at two state correctional facilities for women.

58.      Upon hiring Plaintiff, Defendant misclassified her as exempt from the FLSA. Defendant represented that Plaintiff was hired as a salaried employee, but she was actually paid on an hourly basis.

59.      Plaintiff's primary responsibility was to inspect the work that contractors and work crews did on various mechanical, electrical and plumbing repair and maintenance jobs in the prison buildings.  Plaintiff performed visual inspections of the work and compared it to engineers' and architect's specifications.  Plaintiff also took pictures of the work to be included in daily inspection reports she filled out every shift.  The daily inspection reports detailed the progress workers made on the jobs and noted any deviations between the work done and the specifications.

60.      Plaintiff was required to report any deviations she found to her OGS supervisor. Plaintiff had no discretion or authority to suggest repairs or fixes to any deviations from specifications she discovered.

61.     If she had questions about the design specifications, she was not permitted to contact the engineers or architects herself.  Instead, she had to submit a request for information ("RFI") to her OGS supervisor.

62.     Plaintiff had no discretion or authority to discipline contractors or their workers. If Plaintiff witnessed contractors or their employees engaging in behavior or actions contrary to the prison regulations for guests, Plaintiff could only report the workers to prison staff.

63.     Plaintiff was not permitted to interact directly with higher level prison officials. Rather, Plaintiff was required to report any issues to the engineer in charge, who would then communicate with prison officials.

64.     Plaintiff performed significant off the clock work prior to her shift.  Contractors and their workers were not permitted to travel within either prison without being accompanied by a prison guard.  Usually, there were not enough guards on staff to accompany workers to every job.  Therefore, prior to her shift each day, Plaintiff was required to call each prison to determine whether the prison had adequate staff available to accompany the workers to the job sites.  Plaintiff then had to call the contractors for the jobs the prison could not cover and tell them not to have their workers come in that day.  Often, Plaintiff could not reach the contractors, and had to call each of the workers directly to tell them not to report for work.  Plaintiff informed Defendant that she was performing these duties prior to her shift.

65.     Plaintiff also worked significant time off the clock after her shift. Soon after she began working for Defendant, she was asked to perform additional inspections on jobs that were outside MEP work, such as roofing, masonry, and carpentry.  In order to properly inspect jobs in these new areas, Plaintiff spent significant time after her shift teaching herself the basics of these trades.  Plaintiff repeatedly informed Defendant that she was performing this additional work after

her shift.  Defendant responded by telling Plaintiff "do the best you can."  Due to her workload, Plaintiff also often completed inspection reports after the end of her shift.  Plaintiff repeatedly informed Defendant that she performed this post-shift work also.

66.      Plaintiff separated from employment by Defendant in August 2021.

## COLLECTIVE ACTION ALLEGATIONS

67.      Plaintiffs incorporate all the preceding paragraphs by reference as if fully set forth herein.

68.      Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

69.      Plaintiffs desire to pursue this FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

70.      Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's common pay and timekeeping practices and, as a result of such practices, were not paid the full and legally mandated minimum wage for non-overtime hours and overtime premium for hours worked over 40 during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

71.      The FLSA Collective Members have the same or closely similar job duties as the Plaintiffs, and Plaintiffs and Collective Members were paid by Defendant in the same manner, in violation of the FLSA.  Accordingly, the named Plaintiffs are similarly situated to all FLSA Collective Members.

72.      Plaintiffs and the FLSA Collective were not paid for all time worked or at the proper overtime rate as required by federal law.

73.     The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records.

74.     These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

75.     Plaintiffs incorporate all the preceding paragraphs by reference as if fully set forth herein.

76.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the New York Class defined above.

77.     The members of the New York Class are so numerous that joinder of all members is impracticable.

78.     Defendant has engaged in the same conduct towards Plaintiffs and the other members of the New York Class.

79.     The injuries and damages to the New York Class present questions of law and fact that are common to each class member within the New York Class, and that are common to the New York Class as a whole.

80.     Plaintiffs will fairly and adequately represent and protect the interests of the New York Class, and all of its proposed class members because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class.

81.     Plaintiffs' counsel are competent and experienced in litigating class actions and

other complex litigation matters, including wage and hour cases like this one.

82.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class members including, without limitation: (1) whether Defendants paid them for all time worked; and (2) whether Defendants failed to pay them the full amount of overtime compensation earned.

83.     Plaintiffs' claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiffs are members of the New York Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the New York Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the New York Class members.

84.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

85.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

86.     The New York Class is readily identifiable from Defendant's own employment records.

87.    Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

88.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

89.    Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**<u>(On Behalf of Plaintiffs and the FLSA Collective Against Defendant)</u>**

90.    Plaintiffs incorporate all the preceding paragraphs by reference as if fully set forth herein.

91.    The FLSA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half (1½) times the regular rate at which they are employed.  *See* 29 U.S.C. § 207(a)(1).

92.    Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

93.    At all relevant times, Defendant has, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA.  *See* 29 U.S.C. § 203.

94.    During all relevant times, the members of FLSA Collective, including Plaintiffs,

were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

95.     Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA.

96.     Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over 40 in a workweek.

97.     Defendant's compensation scheme applicable to Plaintiffs and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

98.     Defendant knowingly failed to compensate Plaintiffs and the FLSA Collective members at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of 40 hours per week.

99.     Defendant also failed to create, keep and preserve records with respect to work performed by Plaintiffs and the FLSA Collectives sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

100.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

101.     Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay employees' wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
## Violation of the FLSA
## (Retaliation On Behalf of Plaintiff Ivan Kovalev Against Defendant)

102.     Plaintiffs incorporate all the preceding paragraphs by reference as if fully set forth herein.

103.     The FLSA prohibits discrimination against an employee for filing a complaint including unwritten, oral complaints to the employer, concerning minimum wage or overtime claims. *See* 29 U.S.C. § 215(a)(3).

104.     An "informal complaint" to an employer concerning unpaid overtime wages resulting in an adverse action against the employee by the employer constitutes retaliation under the FLSA.

105.     As described above, Plaintiff Kovalev notified Defendant on multiple occasions, verbally and in writing, that he was not an "exempt" employee under the FLSA and that he should receive overtime pay for his time expended in excess of 40 hours per week.

106.     In response to his verbal and written complaints, Plaintiff Kovalev was called into a meeting with AGC's president, Ariganjan Guleria and other members of AGC's management. Plaintiff Kovalev was informed that unless he signed a statement agreeing that he was an exempt employee and not entitled to overtime pay, he would be immediately fired.  Under duress, Plaintiff Kovalev signed the statement.

107.     Defendant's action, in threatening Plaintiff Kovalev with termination for complaining about Defendant's failure to pay overtime, and in fact failing to pay overtime, constitutes retaliation pursuant to the FLSA § 215(a)(3).

## COUNT III
## Violation of the New York Labor Law
## (On Behalf of Plaintiffs and the New York Class Against Defendant)

108.      Plaintiffs incorporate all the preceding paragraphs by reference as if fully set forth herein.

109.      Plaintiffs bring this claim on behalf of all members of the proposed New York Class.

110.      The NYLL requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek.  *See* NYLL § 190 *et seq.*; § 650 *et seq.*; 12 N.Y.C.R.R. § 142–2.2; § 142-2.16.

111.      During all times material to this complaint, Defendant is an employer required to comply with NYLL.  *See* NYLL § 190 (3); § 650 (6).

112.      During all times material to this complaint Plaintiffs and the New York Class were covered employees entitled to the protections of the NYLL.  *See* NYLL § 190 (2); § 651(5).

113.      Plaintiffs and the New York Class are not exempt from receiving the NYLL's overtime benefits because they do not fall within any of the exemptions set forth therein. *See* NYLL § 192(2); § 651(5).

114.      Defendants have violated the NYLL with respect to Plaintiffs and the New York Class by, *inter alia*, failing to compensate them for all hours worked at their normal hourly rate (for time worked under forty hours per week) and at one and one-half their "regular rate" for all hours worked in a workweek in excess of 40 hours.  *See* 12 N.Y.C.R.R. § 142–2.2; § 142-2.16.

115.      In violating the NYLL, Defendant has acted willfully and with reckless disregard of clearly applicable provisions of the NYLL.

116.     Because Defendant failed to pay Plaintiffs the required wages and overtime at the statutory rate, it must reimburse the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.  *See* NYLL § 198(3).

117.     Plaintiffs and the New York Class are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages. *See* NYLL § 663.

**COUNT IV**
**Violation of the NYLL**
**(Retaliation On Behalf of Plaintiff Ivan Kovalev Against Defendant)**

118.     Plaintiffs incorporate all the preceding paragraphs by reference as if fully set forth herein.

119.     The NYLL prohibits discrimination against an employee for filing a complaint including unwritten, oral complaints to the employer, concerning minimum wage or overtime claims.  *See* NYLL § 215(1).

120.     An "informal complaint" to an employer concerning unpaid overtime wages resulting in an adverse action against the employee by the employer constitutes retaliation under the NYLL.

121.     As described above, Plaintiff Kovalev notified Defendant on multiple occasions, verbally and in writing, that he was not an "exempt" employee under the FLSA and that he should receive overtime pay for his time expended in excess of 40 hours per week.

122.     In response to his verbal and written complaints, Plaintiff Kovalev was called into a meeting with AGC's president, Ariganjan Guleria and other members of AGC's management. Plaintiff Kovalev was told that unless he signed a statement agreeing that he was an exempt employee and not entitled to overtime pay, he would be immediately fired.  Under duress, Plaintiff

Kovalev signed the statement.

123.     Defendant's action, in threatening Plaintiff Kovalev with termination for complaining about Defendant's failure to pay overtime, and in fact failing to pay overtime, constitutes retaliation pursuant to NYLL § 215(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a.     An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Class;

c.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

d.     Back pay damages (including unpaid regular and overtime compensation and prejudgment interest to the fullest extent permitted under the law, including the application of the three-year statute of limitations under 29 U.S. Code § 255(a) for Defendant's willful violation of the FLSA;

e.     Liquidated damages to the fullest extent permitted under the law;

f.     Punitive damages as permitted under the law;

g.     Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

h.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues of fact.

Dated: _____2022

Respectfully submitted,

EDELSON LECHTZIN LLP

By: ___/s/_____
     Marc H. Edelson, Esq.
     Eric Lechtzin
     411 S. State Street
     Suite N-300
     Newtown, PA 18940
     Telephone: (215) 867-2399
     medelson@edelson-law.com
     elechtzin@edelson-law.com

     CAPOZZI ADLER, P.C.
     James A. Wells, Esq.
     312 Old Lancaster Road
     Merion Station, PA 19066
     Telephone: (717) 585-7823
     jayw@capozziadler.com

     *Attorneys for the Plaintiffs and the Proposed FLSA Collective and NYLL Classes*