| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/16/2026 |
| IVAN KOVALEV and MINTIWAB HILL, *on behalf of themselves and all others similarly situated*,<br><br>  Plaintiffs,<br><br>  -against-<br><br>A.G. CONSULTING ENGINEERING, P.C.,<br><br>  Defendant. | 22-cv-5954 (MKV)<br><br>ORDER APPROVING SETTLEMENT |

MARY KAY VYSKOCIL, United States District Judge:

In 2022, Plaintiffs Ivan Kovalev and Mintiwab Hill initiated this lawsuit against their former employer, Defendant A.G. Consulting Engineering, P.C. ("AGC"), asserting claims for violations of the Fair Labor Standards Act ("FLSA"), as a collective pursuant to 29 U.S.C. § 216(b), and the New York Labor Law ("NYLL"), as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure [ECF No. 5 (the "Complaint" or "Compl.") ¶¶ 90–101, 108–117]. In the Complaint, Plaintiff Kovalev also asserts individual claims for retaliation under the FLSA and NYLL. Compl. ¶¶ 102–107, 118–123.

In 2023, after the plaintiffs had filed their first motion for conditional certification of a FLSA collective action [ECF Nos. 25–27], but before the Court had ruled on that motion, the parties reached a settlement in principle with the assistance of a mediator [ECF No. 31; *see* ECF No. 32]. The plaintiffs thereafter filed an unopposed motion for Rule 23 class certification and approval of the parties' proposed class settlement [ECF Nos. 44–47]. The Court, however, denied the pending motions without prejudice for failure to satisfy the requirements for conditional certification and class certification, respectively [ECF Nos. 48, 54, 55]. The plaintiffs thereafter filed a renewed, unopposed motion for only conditional certification of a FLSA collective action,

and the Court granted that motion [ECF No 62].  The plaintiffs next filed a renewed, unopposed motion for class certification and settlement approval [ECF Nos. 71, 72, 73, 74].  The Court denied that motion for failure to satisfy the requirements of Rule 23 [ECF No. 76].

The parties thereafter proceeded to negotiate a settlement among Kovalev, Hill, eight opt-in plaintiffs (collectively, "Plaintiffs") and AGC.  On January 14, 2026, the parties submitted to the Court a copy of their current proposed settlement, a joint letter explaining why the proposed settlement and proposed attorneys' fees are reasonable, and supporting materials for the Court's review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny [ECF Nos. 84 ("JL"), 84-1 ("Revised Settlement Agreement and Release"), 84-2 ("Lechtzin Decl."), 84-3 ("Wells Decl.")].

In *Cheeks*, the Second Circuit held that a settlement of FLSA claims requires the approval of a district court (or the U.S. Department of Labor).  *Cheeks*, 796 F.3 at 206.  The district court "must scrutinize the settlement agreement to determine" whether it is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).  In particular, court consider:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky* v, 900 F. Supp. 2d at 335.  "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).

The Court has carefully reviewed the parties' submissions and concludes that the proposed settlement agreement is fair and reasonable.  In particular, Plaintiffs' respective recoveries are reasonable given the range of their possible recoveries, taking into consideration the burdens of

establishing each plaintiff's case at trial and the serious litigation risks they face. *See Wolinsky* v, 900 F. Supp. 2d at 335; *Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021); *Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *1 (S.D.N.Y. Jan 25, 2019); JL at 3. This case has been pending since 2022, and the parties have a clear interest in resolution. Settling at this stage will spare the parties significant expenses, and Plaintiffs "could recover nothing if [they] were to proceed to trial," since ACG maintains that each plaintiff was properly classified as an exempt employee. *Santos*, 2021 WL 431451, at *1; JL at 4.

The parties represent that the current settlement agreement is product of arm's-length bargaining between experienced counsel. *See Wolinsky* v, 900 F. Supp. 2d at 335; JL at 4; Lechtzin Decl. ¶¶ 1, 2, 7–9, 14; Wells Decl. ¶¶ 2, 3, 21, 22. The Court notes that the parties originally reached an agreement with the assistance of a mediator [ECF No. 31; *see* ECF No. 32]. After the Court denied earlier motions to resolve this case, the parties repeatedly represented to the Court that they were actively engaged in further negotiations [ECF Nos. 77, 79, 80]. While Plaintiff's counsel has filed several unopposed motions to resolve this case, there is no evidence of fraud or collusion among counsel, in contrast with a good faith desire to reach a mutually agreeable resolution of the parties' *bona fide* disputes. *See Mikityuk v. Cision US Inc.*, 2022 WL 3013107, at *3 (S.D.N.Y. July 29, 2022); JL at 4. Finally, the releases in the current proposed settlement agreement are "limited to the claims at issue in this action." *Arango v. Scotts Co., LLC*, 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The Court has also carefully assessed the reasonableness of the proposed attorneys' fees. *See Fisher v. SD Protection Inc.*, 948 F.3d at 600; *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015). The proposed attorneys' fees represent one-third of the settlement, which is well below the lodestar amount. JL at 7. Courts in this circuit commonly approve of a

one-third contingency fee. *See Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases).

Accordingly, for the reasons set forth above and supported by the parties' submissions [ECF Nos. 84, 84-1, 84-2, 84-3], the Court approves the parties' settlement and the requested attorneys' fees. The Court, however, denies the parties' request that the Court retain jurisdiction to enforce the settlement agreement. *See* JL at 8.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 84 and to close this case.

**SO ORDERED.**

**Date: January 16, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**